

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

GERALD C. MANN
~~XXXXXXXXXXXXX~~XXXXX
ATTORNEY GENERAL

February 8, 1939

Honoraole Geo. H. Sheppard
Comptroller of Puolic Accounts
Austin, Texas

Honorable Jack Wiech
County Attorney
Brownsville, Texas

Overruled  by O-6344 in so
far as it conflicts

Gentleman:

Opinion No. O-50
Re:  Commission of Tax
     Assessor-Collector of
     Cameron County for
     assessing State taxes.

On December 2, 1938, the County Attorney of Cameron County addressed a request to the Attorney General for a construction of Article 7880, Section 148, and on December 14, 1938, a conference opinion written by H. L. Williford, Assistant Attorney General, was given in response to the request.  On December 31, 1938, Mr. Sheppard, the Comptroller, addressed a letter to this Department requesting a clarification of the Williford opinion, and on January 4, 1939, an opinion was delivered to Mr. Sheppard in response to his request, such opinion oeing written oy Lloyd Armstrong, Assistant Attorney General.  On January 5, 1939, Mr. Wiech, County Attorney of Cameron County, addressed this office a letter requesting a further opinion of this Department on the same subject matter, which was answered on January 16, 1939, by a letter from Mr. Geo. S. Berry, Assistant, simply adhering to the Williford opinion.

Article 7880, Section 148, of the Revised Civil Statutes, reads as follows:

> "For the purpose of aiding in the protection of the property
> and lives of the citizens of Cameron and Willacy Counties
> from further disastrous and calamitous overflows, and to
> conserve and increase the revenues derived by the State from
> said counties, that part of the State ad valorem taxes,
> which is in excess of ten cents on the hundred dollars valua-
> tion of property subject to taxation, collected upon property
> and from persons in the county of Cameron, including the
> rolling stock belonging to railroad companies which shall be

ascertained and apportioned as provided by law, is hereby donated and granted by the State of Texas to the county of Cameron for a period of twenty-five years, beginning January 1, 1926, to be used by said county in part payment of interest and in creation of a sinking fund to pay the bonds of said county which shall be voted and issued as herein provided to obtain funds for the construction of the necessary breakwaters, levees, dikes, floodways, and drainways to protect the counties of Cameron and Willacy from such disastrous and calamitous overflows."

Article 3937, Revised Civil Statutes, reads in part as follows:

"Each assessors (assessor) of taxes shall receive the following compensation for his services, which shall be estimated upon the total value of the property assessed as follows: For assessing the State and county taxes; on all sums for the first two million ($2,000,000.00) dollars, or less, five cents (5¢) for each one hundred ($100.00) dollars of property assessed; on all sums in excess of two million ($2,000,000.00) dollars, and less than five million ($5,000,000.00) dollars, two and one-fourth cents (2¼@) on each one hundred ($100.00) dollars; one-half of the above fee shall be paid by the State, and one-half by the county;.."

Mr. Williford advised "that in the opinion of this Department the Assessor-collector of Cameron County is entitled to one-half of the commissions provided for in such article to be paid by the State and one-half of such commissions to be paid by the County of Cameron."

Mr. Armstrong's opinion advised "that in the opinion of this department the above quoted opinion correctly disposes of the questions therein considered and you are further advised that in the opinion of this department the portion of the taxes donated and granted by the State of Texas to the County of Cameron by virtue of Articles 7880-148, Revised Civil Statutes of Texas, 1925, shall be taken into consideration and shall bear 'its portion or percentage of the commissions due the assessor-collector'."

Apparently there is still confusion as to whether any part of the assessor's commissions mentioned in Article 3937 is to be deducted from the amount granted by the State to Cameron County to Article 7880, Section 148. In this connection, it has been the contention of the Comptroller that a proportionate part of the assessor's fees should be deducted from the amount so donated to Cameron County. On the other hand, it is the contention of the officials of Cameron County that all of the State's share of ad valorem taxes in excess of 10¢ on the $100.00 valuation collected in Cameron County should be granted back to the county without any deduction therefrom on account of the assessor having been paid the commissions mentioned above.

Article 3938, Revised Statutes, reads as follows:

> "The Comptroller, on receipt of the rolls, shall give the
> assessor an order on the collector of his county for the
> amount due him by the State for assessing the State taxes,
> to be paid out of the first money collected for that year.
> The commissioners court shall issue an order on the county
> treasurer of their county, to the assessor, for the amount
> due him for assessing the county tax of their county, to be
> paid out of the first money received from the collector on
> the rolls of that year."

From a reading of the above statutes, it is apparent that the
assessor's commissions are not and were not in 1925, at the time
of the enactment of Article 7880, Section 148, dependent upon the
collection of the taxes.

In making the assessments, the assessor is working for the State,
as well concerning that part on which taxes are paid and later
given by the State to Cameron County as concerning the part which
the State retains for its own use. Nowhere in Article 7880-148
is there any shifting of the obligation to share equally the
cost of assessment. The State made a grant or donation of all
its part collected in excess on 10¢ on the $100.00 valuation.
A delivery to the County of the State's part of such ad valorem
taxes collected, less (1) 10¢ on the $100.00 valuation, and (2)
an additional percentage of assessment costs, would not be in
compliance with the statute.

The State's part of the taxes collected included the compensation
paid by the State to the assessor.

It was the intention expressed in Article 7880-148 that the
grant or donation by the State, as therein contained, should not
be burdened with expenses theretofore incurred by the State in
bringing about the collection thereof.

The net result is that the State is due to receive from Cameron
County an amount equal to 10¢ on the $100.00 valuation, out of
which shall be paid one half the commissions provided in
Article 3937.

                              Yours very truly

                              ATTORNEY GENERAL OF TEXAS

                              By      Glenn R. Lewis
GRL:N                                 Assistant

APPROVED:
   GERALD C. MANN
ATTORNEY GENERAL OF TEXAS